**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>RENZO MACCHIAVELLO, et al.,<br><br>        Defendants. | Case No. SA CV 12-1748-TJH (PLAx)<br><br>**CASE MANAGEMENT ORDER AND ORDER/REFERRAL TO ADR** |

      This Order governs discovery, Alternative Dispute Resolution (ADR) proceedings, and pre-trial motions.  IT IS ORDERED as follows:

      1.     All counsel and parties appearing pro se must be familiar with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.  Obligations of "counsel" in this Order also include obligations of parties appearing pro se, unless otherwise expressly excluded.  If any party is proceeding pro se, compliance with Local Rules 26-1 and 37 will not be required, unless otherwise ordered by the court.

      2.     Discovery:  Except as otherwise specifically provided in this Order, discovery is governed by the Federal Rules of Civil Procedure and applicable Local Rules of this Court.  Pro se litigants are entitled to discovery to the same extent as are litigants represented by counsel.

The parties should note that **discovery shall not be stayed** while any motion is pending, including any motion to dismiss and/or motion for protective order.

  A. <u>Fed. R. Civ. P. 26(f)</u>: The Fed. R. Civ. P. 26(f) conference between the parties and report are waived pending further order of the court. However, the parties shall, no later than **May 16, 2013**, provide their Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1). At a minimum, plaintiff's counsel shall provide defendant(s) and/or counsel for defendant(s) with a copy of any videotape and/or declaration that documents the alleged unauthorized interception, reception, publication, divulgence, display and/or exhibition of the television program at issue by defendant(s).

  B. <u>Discovery Cut-Off</u>: All discovery shall be completed on or before **November 18, 2013**. No discovery may be taken after that date without prior approval of the court. Such approval will be granted only in exceptional circumstances.

  C. <u>Discovery Motion Deadline</u>: All discovery motions shall be filed and served on or before **November 18, 2013.** Any motion challenging the adequacy of discovery responses (including deposition-related responses) must be calendared sufficiently in advance of the cut-off date to permit any compelled responses (or completion of any deposition) to be obtained before the discovery cut-off.

3. <u>ADR Proceedings</u>: This case is referred to the ADR Program. **Within fourteen (14) days of the filing date of this Order**, plaintiff shall contact the ADR Program Director, Gail Killefer (213-894-2993), to schedule a mediation with her. The mediation must be concluded no later than **January 16, 2014**. **Absent a showing of good cause as specified below, the court will not grant any extensions of this deadline.**

  A. <u>ADR Requirements</u>: Unless directed otherwise by Ms. Killefer, counsel who will try the case must be present. In addition, the person with full settlement authority shall be present at the mediation.[1] This requirement means that Innovative's trial counsel and

---

[1] This means that Local Rule 16-15.5(b) relating to appearance by parties residing outside the District does <u>not</u> apply (except to the United States or any of its agencies), <u>i.e.</u>, all parties, including those residing <u>outside</u> the District, <u>must</u> appear in person.

2

either the President of Innovative Sports Management, Inc., or the Vice-President of Innovative Sports Management, Inc., shall physically appear for the mediation. Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) may result in sanctions being imposed and/or the cancellation of the mediation. The noncomplying party or attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

Plaintiff's representative must have full and final authority to authorize dismissal of the case with prejudice or to accept a settlement. Defendants' representative must have final authority to settle the case. The purpose of this requirement is to have representatives present who can settle the case during the course of the mediation without consulting a superior.

If a proposed settlement must be presented for approval to a board or committee, the person whose recommendation is normally followed must be the person present at the mediation.

Any insurance company that is contractually required to defend or to pay damages assessed within policy limits also shall have a settlement representative present at the mediation. Such representative must have final authority to settle the case. The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the mediation without consulting a superior. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

**Plaintiff's counsel must attach to plaintiff's mediation statement a copy of plaintiff's rate sheet applicable to the defendant establishment and the report and/or video prepared by plaintiff's private investigator.** In the event plaintiff's counsel does not attach the materials referenced in this paragraph, the ADR Program Director may, after consulting with plaintiff's counsel, file a Notice of Non-Filing Re: Plaintiff's Mediation Statement.

  B. <u>Settlement Requirements</u>: The filing of a Notice of Settlement will not operate to remove or vacate a scheduled mediation from the calendar. Only the filing of a stipulation of dismissal signed by all parties who have appeared, <u>see</u> Fed. R. Civ. P. 41(a)(1)(A)(ii), and/or other appropriate dismissal papers will result in a mediation being taken off calendar. Sanctions will be imposed against the parties and/or counsel for failure to attend the scheduled mediation or otherwise comply with this paragraph.

4.  <u>Motions and Motion Cut-Off Date</u>: All motions other than discovery motions, including but not limited to motions for summary judgment, shall be filed and served on or before **February 18, 2014**. Any dispositive motion or motion filed after the mediation shall be filed and noticed according to the Local Rules and/or the assigned District Judge's motion requirements. The parties may not assert any arguments or defenses in successive motions for summary judgment. The parties are advised that all arguments -- procedural and merits -- must be raised in a single motion for summary judgment. Failure to raise any argument and/or defense may be deemed to be a waiver of the argument and/or defense. Failure to file a timely opposition to a motion may be deemed by the court to constitute the non-moving party's consent to the granting of the relief sought. <u>See</u> Local Rule 7-12.

5.  <u>Requests for Extensions of Time and/or To Continue Dates</u>: The deadlines and requirements set by the Court are firm. **The parties are directed to conduct any necessary discovery as soon as possible, as the Court is not inclined to grant any extensions of the discovery or other case-related deadlines**. No stipulations extending scheduling requirements or modifying applicable rules are effective unless and until approved by the Court. Applications and stipulations must set forth:

  A. The existing deadline or hearing date;

  B. Specific, concrete reasons supporting good cause for granting the extension. A statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations (<u>i.e.</u>, Have written proposals been exchanged? Is counsel reviewing a draft settlement agreement?); and

          C.  Whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

      6.     Ex Parte Applications: Ex parte applications are discouraged.  <u>Mission Power Eng'g Co. v. Cont'l Cas. Co.</u>, 883 F.Supp. 488 (C.D. Cal. 1995).  Strict compliance with Local Rule 7-19 is required.

      7.     Sanctions:  The failure of any party or attorney to comply with the requirements of this Order may result in sanctions being imposed both by this Court and/or Judge Hatter.

DATED: April 16, 2013

                           /s/ Paul L. Abrams  
                           PAUL L. ABRAMS  
                           UNITED STATES MAGISTRATE JUDGE