Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RENZO MACCHIAVELLO, et al., <br><br> Defendants. | Case No. 8:12-cv-01748-TJH-PLA <br><br> PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Date:   October 1, 2013 <br> Time:  9:00 a.m. <br> Place:  Courtroom 17 <br> Judge:  Honorable Terry J. Hatter, Jr. |

TO THE HONORABLE COURT, THE DEFENDANTS AND TO THEIR ATTORNEYS OF

RECORD:

Plaintiff Innovative Sports Management, Inc. (hereinafter "Plaintiff"), by and through

counsel, hereby opposes the Motion for Judgment on the Pleadings filed by Renzo Macchiavello,

individually and d/b/a Renzo's Taste of Peru, and Macchiavello, LLC, an unknown business

entity d/b/a Renzo's Taste of Peru (hereinafter "Defendants") (Dkt. No. 14). For the reasons set

forth herein, Plaintiff respectfully requests that Defendants' Motion for Judgment on the

Pleadings (hereinafter "Defendant's Motion) be denied.

# TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES ....................................................................................ii

INTRODUCTION AND STATEMENT OF FACTS  ................................................ 2

LEGAL STANDARD................................................................................................ 2

ARGUMENT ............................................................................................................ 3

I.   A MOTION FOR JUDGMENT ON THE PLEADINGS TESTS THE
     *PLEADINGS* AND DEFENDANTS' MOTION IS DEPENDENT UPON
     INFORMATION OUTSIDE OF THE PLEADINGS.................................... 3

     A.   A Facial Challenge To Standing Has Been Rejected...........................4

     B.   Defendants Did Not Preserve The Issue Of Standing In The Pleadings................5

II.  PLAINTIFF HAS CONSTITUTIONAL STANDING TO BRING ITS CLAIMS..........6

III. DEFENDANTS' OTHER STANDING ARGUMENTS FAIL AS THE
     EVIDENCED PRESENTED BY DEFENDANTS DOES NOT SUPPORT
     DEFENDANTS' POSITION.........................................................................7

     A.   Defendants' Exclusive Licensee Argument Ignores The Actual Statutes
          At Issue And Plaintiff Satisfies The Statutory Requirements Of
          47 U.S.C. §§ 605 And 553........................................................................8

          1.   Plaintiff Was Granted the Right to Pursue Claims for Piracy...................12

IV.  DEFENDANTS HAVE NO RIGHT TO CHALLENGE THE CONTRACT..............14

V.   PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND ITS COMPLAINT.......15

CONCLUSION.........................................................................................................16

# TABLE OF AUTHORITES

**PAGE(S)**

<u>CASES</u>

Alatorre v. Wastequip Mfg. Co. LLC,
2013 WL 796717 (E.D.Cal. March 4, 2013) ............................................. 16

Althin CD Medical, Inc. v. West Suburban Kidney Center, S.C.,
874 F.Supp. 837 (N.D.Ill. 1994) ............................................................... 9

Aschcroft v. Iqbal,
556 U.S. 662 (2009) ................................................................................... 2

AsymmetRx, Inc. v. Biocare Medical, LLC,
582 F.3d 1314 (Fed. Cir. 2009) ................................................................. 9

Barnhart v. Sigmon Coal Co.,
534 U.S. 438 (2002) ................................................................................ 11

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007) ................................................................................... 2

Directv v. Budden,
420 F.3d 521 (5th Cir. 2005) ................................................................... 10

Directv v. Webb,
545 F.3d 837 (2007) ................................................................................ 11

Dworkin v. Hustler Magazine, Inc.,
867 F.2d 1188 (9th Cir. 1989) ................................................................... 2

Ecological Rights Foundation v. Pacific Lumber Co.,
230 F.3d 1141 (9th Cir. 2000) ................................................................... 7

Foman v. Davis,
371 U.S. 178 (1962) ................................................................................ 16

Fralin & Waldron, Inc. v. Henrico County, Va.,
474 F.Supp. 1315 (E.D.Va. 1979) ............................................................. 7

G & G Closed Circuit Events, LLC v. Nguyen,
2010 WL 3749284 (N.D.Cal. Sept. 23, 2010) ........................................... 5

Gennett v. Smith,
244 A.D.3 (N.Y.A.D. 3d Dept. 1935) ...................................................... 14

Gevara v. Hubbard,
2010 WL 1233839 (M.D.N.C. March 23, 2010) ........................................ 3

Hal Roach Studios, Inc. v. Richard Feiner & Co.,
896 F.2d 1542 (9th Cir. 1989) ................................................................... 3

Hanrihan v. Parker,
19 Misc.2d 467 (N.Y.Sup. 1959) ............................................................ 14

HyperQuest, Inc. v. N'Site Solutions, Inc.,
632 F.3d 377 (7th Cir. 2011) ................................................................................. 9

In re Porter's Estate,
142 N.Y.S. 2d 787............................................................................................... 14

In re VeriSign, Inc.,
2005 WL 88969 (N.D.Cal. Jan. 13, 2005) ............................................................. 7

Indep. Towers of Wash. v. Washington,
350 F.3d 925 (9th Cir. 2003) ................................................................................. 8

J & J Sports Productions, Inc. v. Baylor,
Case No. 5:13-cv-02483-JS (E.D.Pa. July 25, 2013)........................................... 15

J & J Sports Productions, Inc. v. Delgado,
2012 WL 371630 (E.D.Cal. Feb. 3, 2012) ........................................................... 10

J & J Sports Productions, Inc. v. Kurz, Ltd.,
2009 WL 1886124 (E.D.Pa. June 30, 2009) ........................................................ 15

J & J Sports Productions, Inc. v. Mandell Family Ventures, LLC,
2012 WL 4757694 (N.D.Tex. Oct. 5, 2012) ........................................................ 10

J & J Sports Productions, Inc. v. Marcaida,
2011 WL 2149923 (N.D.Cal. May 31, 2011) ...................................................... 12

J & J Sports Productions, Inc. v. Mendoza-Gowan,
2011 WL 1544886 (N.D.Cal. April 25, 2011)....................................................... 4

J & J Sports Productions, Inc. v. Montanez,
2010 WL 5279907 (E.D.Cal. Dec. 13, 2010) ....................................................... 4

J & J Sports Productions, Inc. v. Rezdndiz,
2008 WL 5211288 (N.D.Ill. Dec. 9, 2008)......................................................... 10

JMP Securities LLP v. Altair Nanotechnologies Inc.,
2012 WL 892157 (N.D.Cal. March 14, 2012)....................................................... 2

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992)................................................................................................ 6

Matranga v. Boyett Portable Restrooms, Inc.,
2011 WL 7045237 (S.D.Ala. Sept. 22, 2011)........................................................ 3

Nafal v. Carter,
540 F.Supp.2d 1128 (C.D.Cal. 2007) ..................................................................... 9

Pfizer, Inc. v. Elan Pharmaceutical Research Corp.,
812 F.Supp. 1352 (D.Del. 1993)............................................................................. 9

Propat Intern. Corp. v. Rpost, Inc.,
473 F.3d 1187 (Fed. Cir. 2007)............................................................................... 9

Righthaven LLC v. Hoehn,
716 F.3d 1166 (9th Cir. 2013) ................................................................................ 9

<u>Rutter v. Carroll's Foods of the Midwest, Inc.,</u>
50 F. Supp. 2d 876 (N.D. Iowa 1999)...................................................................... 15

<u>TPZ Corp. v. Dabbs,</u>
25 A.D.3d 787 (N.Y.A.D. 2d Dept. 2006)...........................................................14-15

## STATUTES AND RULES

United States Code

17 U.S.C. § 501........................................................................................................ 8, 9

35 U.S.C. § 281........................................................................................................ 8, 9

47 U.S.C. § 605.......................................................................................................passim

47 U.S.C. § 553.......................................................................................................passim

Federal Rules of Civil Procedure

7................................................................................................................................ 3

12............................................................................................................................. 3-5

15.............................................................................................................................. 15

26................................................................................................................................ 5

Miscellaneous

17A C.J.S. *Contracts* § 375, t. 425 (1963)............................................................. 14

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiff was granted the exclusive nationwide commercial distribution rights to the *CONCACAF World Cup Qualifier Tournament, including but not limited to Peru v. Chile*, telecast nationwide on Tuesday, October 11, 2011 (hereinafter the "Program"). Complaint ¶ 16 (Dkt. No. 1). Plaintiff's distribution rights encompassed all undercard events as well as the main event. Id. Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. Id. at ¶ 17. Plaintiff alleges that, without its authorization, Defendants unlawfully intercepted and exhibited the Program at their commercial establishment in Irvine, California. Id. at ¶ 19. Defendants have now moved for judgment on the pleadings.

## LEGAL STANDARD

The standard on a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) is the same as the as the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In this regard, the Complaint must have "facial plausibility," which exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009). The burden of establishing that they are entitled to judgment on the pleadings is on Defendants. JMP Securities LLP v. Altair Nanotechnologies Inc., 2012 WL 892157, *7 (N.D.Cal. March 14, 2012).

**ARGUMENT**

I.     A MOTION FOR JUDGMENT ON THE PLEADINGS TESTS THE *PLEADINGS* AND DEFENDANTS' MOTION IS DEPENDENT UPON INFORMATION OUTSIDE OF THE PLEADINGS.

Federal Rule of Civil Procedure 7 defines the "pleadings" in Federal Court. Pursuant to Rule 7:

> (a) Pleadings. *Only these pleadings are allowed*: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint;(6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

Fed.R.Civ.P. 7(a) (emphasis added). Under the Federal Rules a "pleading" is a term of art and comprise only those items listed in Federal Rule 7. Matranga v. Boyett Portable Restrooms, Inc., 2011 WL 7045237, *1 (S.D.Ala. Sept. 22, 2011); Gevara v. Hubbard, 2010 WL 1233839, *2 (M.D.N.C. March 23, 2010) ("Although the term 'pleading' is sometimes used loosely to refer to any filing in a court case, under the Federal Rules of Civil Procedure, 'pleading' is a term of art. Fed.R.Civ.P. 7(a).") (citations / quotations in original).[1]

Notwithstanding this, Defendants' Motion is based on information obtained from Plaintiff via Plaintiff's Federal Rule 26 Initial Disclosures. See Defendants' Motion, passim.[2] This information is not before the Court on a Motion for Judgment on the Pleadings, and the Court may not go beyond the pleadings when ruling on Defendants' Motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). In addition, this is not a case of Defendants simply referencing the wrong rule; to the contrary, Defendants acknowledge that they are *not* bringing their motion pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, Defendants state:

---

[1] It is unclear from the Motion, which includes Defendants' repeated reliance on documents outside of the pleadings, whether Defendants are familiar with this definition.

[2] These Initial Disclosures are submitted with the Declaration of defense counsel Matthew A. Pare. (Dkt. No. 14-1).

Although Federal Rule of Civil Procedure 12(b)(1) contemplates a mechanism by which a challenge to the subject matter jurisdiction can be raised, it is not the only vehicle. In particular, Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.) Therefore, this issue can be raised at any time, and a motion for judgment on the pleadings is authorized by Federal Rule of Civil Procedure 12(c) which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

Defendants' Motion at 6 (underline emphasis added). In other words, Defendants make clear that they are not challenging subject matter jurisdiction under Rule 12(b)(1) but, rather, via a Motion for Judgment on the Pleadings under Federal Rule 12(c). While Defendants are correct that they may raise a Federal Rule 12(c) Motion at this time, that does not mean Defendants may go outside the pleadings and present evidence.

A.     A Facial Challenge To Standing Has Been Rejected.

Although Defendants do not even attempt to challenge the pleadings, even assuming *arguendo* they had, this argument has been rejected.  In J & J Sports Productions, Inc. v. Mendoza-Gowan, 2011 WL 1544886 (N.D.Cal. April 25, 2011), the Northern District addressed an affirmative defense of standing. The Court rejected the defense:

Defendant's third affirmative defense alleges that "plaintiff lacks legal standing (*contractual and statutory standing*) to pursue claims for alleged exhibition of the Program or bring this Complaint and the claims asserted therein against defendant" (Ans.2).

The complaint alleges that plaintiff has exclusive distribution rights to the program, but defendant unlawfully intercepted its transmission and displayed it without authorization. *Plaintiff has therefore adequately alleged standing*.

Id. at *3 (emphasis added); see also J & J Sports Productions, Inc. v. Montanez, 2010 WL 5279907 (E.D.Cal. Dec. 13, 2010) ("Defendants' fifth affirmative defense states that Plaintiff is not a person protected by any of the *statutory violations* alleged in the Complaint. . . . Plaintiff alleges that it has the exclusive distribution rights to the Program and that Defendants unlawfully intercepted and/or displayed the transmission of the Program without authorization.

Plaintiff has adequately alleged its standing to pursue this lawsuit.") (emphasis added) (internal quotation omitted); G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, *4 (N.D.Cal. Sept. 23, 2010) (rejecting standing affirmative defense as legally insufficient).

B. Defendants Did Not Preserve The Issue Of Standing In The Pleadings.

While this Court may review subject matter jurisdiction at any time under Rule 12(b)(1), as noted above, Defendants make clear that they do not base their Motion on Rule 12(b)(1), but on Rule 12(c). Defendants' Answer, filed on October 17, 2012, does not raise the defense of standing. See Answer (Dkt. No. 4). As such, there is no pleading on which Defendants can base their contention. Next, as a practical matter, Defendants' Motion is based on what Defendants speculate must be produced in discovery. Specifically, on page 12 of their Motion, Defendants state:

> One might ask the reasonable question as to how can defendants know that Innovative Sports Management, Inc. did not fulfill its duties under the license agreement. The answer is because no such documentation was produced by the plaintiff Innovative Sports Management, Inc. with its Rule 26 initial disclosures and there is an affirmative duty in federal litigation to make such a disclosure of supporting evidence, even absent a specific discovery request. Federal Rule of Civil Procedure 26(a)(1)(A).

Defendant's Motion at 12. Defendants' conclusion as to what they believe must be produced under Federal Rule 26 is only that, *Defendants'* conclusion. Defendants offer no authority to support what they believe must be produced under Rule 26. See Id. Pursuant to Federal Rule 26, "a party must, without awaiting a discovery request, provide to other parties . . . all documents . . . that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Fed.R.Civ.P. 26(a)(1)(B). Even assuming a motion for judgment on the pleadings could be granted on Defendants' inferences, there is no inference to be drawn from the alleged lack of "documentation."

The burden on a Motion for Judgment on the Pleadings is on Defendants. As Defendants do not so much as challenge the pleadings, they do not satisfy their burden. For this reason

alone, Defendants' Motion should be denied. Nonetheless, without waiving the above

arguments, Plaintiff will address the merits of Defendants' Motion below.

II.     PLAINTIFF HAS CONSTITUTIONAL STANDING TO BRING ITS CLAIMS.

As an initial matter, Defendants are ambiguous as to the standing challenge they mount.

After defining the elements of Constitutional standing, Defendants state, "the notion of standing

can be further can be further limited as there are both Constitutional standing requirements as

well as prudential standing requirements (judicially self-imposed), in addition to statutory

standing requirements, and contractual standing requirements." Defendants' Motion at 6

(citations omitted). Defendants then state, "[t]hese other limits on standing are primarily the

basis (sic) upon which defendants bring their motion, as detailed infra." Id. (underline emphasis

added). The use of the word "other" suggests Defendants do not challenge Constitutional

standing; however, the use of the word "primarily" suggests that they may.

Ultimately, as Defendants do not return to the issue of Constitutional standing in their

Motion, it appears they do not mount a Constitutional challenge. Nonetheless, Plaintiff will

briefly address this issue. To establish Constitutional standing, the plaintiff must meet three

elements:

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally
> protected interest which is (a) concrete and particularized . . . . Second, there must
> be a causal connection between the injury and the conduct complained of-the
> injury has to be fairly traceable to the challenged action of the defendant  . . . .
> Third, it must be likely, as opposed to merely speculative, that the injury will be
> redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (internal quotations / citations

omitted). Plaintiff satisfies all three factors of the Lujan analysis. First, Plaintiff's claims are

concrete and particularized. Plaintiff's Complaint alleges the specific place at which Defendants

committed the violations, the specific date on which the violations occurred, the specific

Program unlawfully intercepted, that Defendants intercepted the Program with full knowledge

that they were unauthorized to do so, and that this was done for commercial advantage or financial gain. See Complaint, passim.

Next, "the issue in the causation inquiry is whether the alleged injury can be traced to the Defendants' challenged conduct, rather than to that of some other actor not before the court." Ecological Rights Foundation v. Pacific Lumber Co., 230 F.3d 1141, 1152 (9th Cir. 2000). Plaintiff alleges that the Program was broadcast at Defendants' commercial establishment, and that Defendants did not obtain the Program from Plaintiff. See Complaint ¶¶ 17-19. The alleged injury can absolutely be traced to Defendants' challenged conduct; there is certainly no "other actor not before the court." The fact that the Program is alleged to have been displayed at Defendants' commercial establishment, when coupled with the fact that Plaintiff was granted the exclusive commercial distribution rights, defeats any contention that the injury in fact is not "fairly traceable" to Defendants' behavior. See Ecological Rights Foundation, 230 F.3d at 1152 (9th Cir. 2000) ("The causal connection put forward for standing purposes cannot be too speculative, or rely on conjecture about the behavior of other parties, but need not be so airtight at this stage of the litigation as to demonstrate that the plaintiffs would succeed on the merits.").

Part three of the Lujan test presumes a favorable decision and simply asks whether Plaintiff may be redressed. Because Plaintiff seeks monetary damages, it would be redressed by a favorable decision. See In re VeriSign, Inc., 2005 WL 88969, *5 (N.D.Cal. Jan. 13, 2005) (Plaintiffs sought damages to redress their injuries and that was sufficient for standing); Fralin & Waldron, Inc. v. Henrico County, Va., 474 F.Supp. 1315, 1321 (E.D.Va.1979).

III.   DEFENDANTS' OTHER STANDING ARGUMENTS FAIL AS THE EVIDENCE PRESENTED BY DEFENDANTS DOES NOT SUPPORT DEFENDANTS' POSITION.[3]

---

[3] As noted in Section I, supra, Defendants misunderstand the nature of a Motion for Judgment on the Pleadings. Nonetheless, Plaintiff will address the merits of Defendants' Motion.

Defendants refer generally to prudential, statutory and contractual standing requirements. Defendants' Motion at 6. Defendants, however, make no effort to specify what standing theory applies to what argument. It appears, however, that the argument in section I.B is a statutory standing argument (which is based on irrelevant statutes), and the argument in section I.D is a contractual standing argument.

A.   Defendants' Exclusive Licensee Argument Ignores The Actual Statutes At Issue And Plaintiff Satisfies The Statutory Requirements Of 47 U.S.C. §§ 605 And 553.

Because they must for their arguments to have any relevance, Defendants conclude, without any legitimate basis or analysis, that this Court *must* follow Copyright Act and patent law cases and hold that Plaintiff does not have standing because it is not an exclusive licensee. In effect, Defendants contend that because Plaintiff does not satisfy the requirements for statutory standing *under the Copyright Act or under patent law*, it may not sue for a violation of 47 U.S.C. §§ 605 or 553. Of course, such a contention is untenable.[4]

Defendants state, "[i]n television signal piracy cases and intellectual property matters at large, there is a body of law which explains how a licensee must be the 'exclusive' licensee in order to have standing to sue (see cases cited *infra*)." Defendants' Motion at 6 (underline emphasis added). What Defendants do not tell the Court is that the cases to which they cite address requirements under 17 U.S.C. § 501(b) or 35 U.S.C. § 281, and are *not* television piracy cases. If there is a "*body*" of television signal piracy case law that hold what Defendants claim, it is astounding that Defendants do not cite to one such case.

---

[4] Defendants' "argument" makes no attempt to analyze or apply the cases they cite to the facts. Defendants present a quick synopsis of seven cases and then a narrative of the facts of this case. At no time do Defendants attempt to connect the holding of any particular case to the facts herein. This Court is not obligated to extrapolate a connection for them. See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929-30 (9th Cir. 2003) (the court cannot manufacture arguments for a party; only issues that are "argued specifically and distinctly" are considered.").

Defendants cite to seven cases in Subsection II.B of their Argument. <u>See</u> <u>Defendants'</u> <u>Motion</u> at 7-8. Four of the seven cases relied upon by Defendant are Copyright Act cases. <u>See</u> <u>Defendants' Memorandum</u> at 7, <u>citing</u> <u>Nafal v. Carter</u>, 540 F.Supp.2d 1128 (C.D.Cal. 2007); <u>Althin CD Medical, Inc. v. West Suburban Kidney Center, S.C.</u>, 874 F.Supp. 837 (N.D.Ill. 1994); <u>HyperQuest, Inc. v. N'Site Solutions, Inc.</u>, 632 F.3d 377 (7th Cir. 2011); <u>Righthaven LLC v. Hoehn</u>, 716 F.3d 1166, 1169 (9th Cir. 2013). All of these cases involved an interpretation of Copyright statutes and a determination of whether there was statutory standing under 17 U.S.C. § 501(b) or its predecessor. <u>Nafal</u>, 540 F.Supp.2d at 1137-38; <u>Althin CD Medical, Inc.</u>, 874 F.Supp. at 842; <u>HyperQuest, Inc.</u>, 632 F.3d at 381; <u>Righthaven, LLC</u>, 716 F.3d at 1169.

The other three cases cited by Defendants, <u>AsymmetRx, Inc. v. Biocare Medical, LLC</u>, 582 F.3d 1314 (Fed. Cir. 2009), <u>Propat Intern. Corp. v. Rpost, Inc.</u>, 473 F.3d 1187 (Fed. Cir. 2007), and <u>Pfizer, Inc. v. Elan Pharmaceutical Research Corp.</u>, 812 F.Supp. 1352 (D.Del. 1993) were patent infringement cases. These cases involved a determination of whether there was statutory standing under 35 U.S.C. § 281. <u>AsymmetRx, Inc.</u>, 582 F.3d at 1318; <u>Propat Intern. Corp.</u>, 473 F.3d at 1189; <u>Pfizer, Inc.</u>, 812 F.Supp. at 1370.

In <u>Righthaven</u>[5], the Ninth Circuit held, "[u]nder the Copyright Act, only the "legal or beneficial owner of an exclusive right under a copyright" has standing to sue for infringement of that right. *See* 17 U.S.C. § 501(b)[.]" <u>Id.</u> at 1169 (citation in original, further citation omitted). Specifically, 17 U.S.C. § 501(b) provides:

> The legal or beneficial owner of an *exclusive right* under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.

17 U.S.C. § 501(b) (emphasis added).

---

[5] While <u>Righthaven LLC</u> is the last case cited by Defendants, it is the most recent case decided (May 9, 2013).

To the contrary, 47 U.S.C. 605 provides that, "*[a]ny person aggrieved*…may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 605(e)(3)(A) (emphasis added). Similarly, 47 U.S.C. § 553 provides that, "*[a]ny person aggrieved* by any violation of subsection (a)(1) of this section may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 553(c)(1) (emphasis added). Section 605 further clarifies that, "the term 'any person aggrieved' shall *include* any person with proprietary rights in the intercepted communication by wire or radio[.]" 47 U.S.C. § 605(d)(6) (emphasis added).[6] As a practical matter, it has routinely been held that parties akin to Plaintiff is an "aggrieved party" under the piracy statutes. E.g. J & J Sports Productions, Inc. v. Delgado, 2012 WL 371630, *3 (E.D.Cal. Feb. 3, 2012); Directv  v. Budden, 420 F.3d 521, 525-28 (5th Cir. 2005) (discussing broad and "enlarged" scope of aggrieved party under 47 U.S.C. § 605); J & J Sports Productions, Inc. v. Rezdndiz, 2008 WL 5211288, *2 (N.D.Ill. Dec. 9, 2008) (finding plaintiff to be an aggrieved party under 47 U.S.C. § 553); Joe Hand Promotions, Inc. v. Caddyshanks, LLC, 2013 WL 869527, *3 (M.D.Fla. March 7, 2013) (47 U.S.C. § 553 confers standing on any person who is aggrieved because of the unauthorized interception).

In J & J Sports Productions, Inc. v. Mandell Family Ventures, LLC, 2012 WL 4757694 (N.D.Tex. Oct. 5, 2012), the district court succinctly summarized that a commercial licensor of sports programming like Plaintiff has statutory standing:

> Since J & J Sports was the exclusive licensee of the distribution rights to the Event, J & J Sports is an "aggrieved person" under the statute and can bring a private right of action for either actual damages or statutory damages for each violation. *See* 47 U.S.C. §§ 553(c)(1) & (3)(A); 605(d)(6) & (e)(3)(C)(I)[.]

Id. at *3 (citations in original).

---

[6] Section 553 does not define "aggrieved party"; however, in light of the significant overlap between sections 553 and 605, the definition from section 605 is instructive

In interpreting a statute, "the first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." <u>Barnhart v. Sigmon Coal Co.</u>, 534 U.S. 438, 450 (2002) (internal quotations omitted).  If the language is unambiguous, the inquiry ceases. <u>Id.</u>  Here, the unambiguous language in both 47 U.S.C. § 605 and 47 U.S.C. § 553 makes clear that Plaintiff has statutory standing. Ultimately, Defendants would have this Court ignore the language of 47 U.S.C. §§ 605 and 553 in favor of case law interpreting copyright and patent law. Of course, Defendants offer no authority for such a proposition.

Defendants "anticipate" that Plaintiff will distinguish the cases to which they cite, and in an effort to head this off, argue that courts have borrowed Copyright Act analysis in addressing other issues. <u>See</u> <u>Defendants' Motion</u> at 10. The fact that Defendants acknowledge this in advance does not make their arguments any more sound. More importantly, the simple fact that certain courts have analogized the piracy act statutes to the Copyright Act in certain contexts does not make such an approach valid when the express language of 47 U.S.C. §§ 605 and 553 and case law directly addressing standing thereunder contradicts Defendants' basic premise.

For example, Defendants note that certain courts have applied the Copyright Act statute of limitations to claims under 47 U.S.C. §§ 605 and 553. <u>See</u> <u>Defendants' Motion</u> at 10 (citations omitted). While this is correct, other Courts, including the Ninth Circuit in <u>Directv v. Webb</u>, 545 F.3d 837 (2007), have not. The simple explanation for this is that neither 47 U.S.C. §§ 605 or 553 contain a statute of limitations, <u>see</u> <u>Webb</u> at 847, and thus it is necessary to do such an analysis. To the contrary, 47 U.S.C. §§ 605 and 553 establish the requirements of statutory standing.

///

///

1.      Plaintiff Was Granted the Right to Pursue Claims for Piracy.[7]

Setting the above aside, Plaintiff was granted the exclusive rights it seeks to enforce. As noted in the Event Distribution Agreement, Plaintiff ("Distributor" under the Event Distribution Agreement") was tasked with "tak[ing] appropriate measures to prevent misappropriation or unauthorized use of the event and all rights associated therewith[.]" Event Distribution Agreement at 3.[8] While Plaintiff submits that this paragraph is clear on its face and unequivocally establishes that it is Plaintiff (i.e., Distributor) that is responsible for addressing piracy, Plaintiff will nonetheless refute Defendants' narrow reading of the provision. Because they must for their arguments to have any validity, Defendants focus on the word "prevent" and construe this provision to mean that Plaintiff only has the authority to take action *prior* to an act of piracy. See Defendants' Motion at 10. Specifically, Defendants state, "[i]n other words, the licensee was to help prevent misappropriation, not try to sue people after an alleged misappropriation." Id. (emphasis added).

There are two major deficiencies with this argument. First, it flouts the plain language of the contract. Plaintiff was tasked with taking "appropriate measures to prevent misappropriation or unauthorized use." Event Distribution Agreement at 2. There are no restrictions on the *types* of measures Plaintiff may take. Certainly, Defendants (and in particular defense counsel, who routinely holds himself out as an expert in piracy litigation), will not argue that the filing of lawsuits is not a preventative measure against future piracy. Indeed, one of the stated purposes of the damages provisions of the piracy statutes is deterrence against future piracy. See J & J Sports Productions, Inc. v. Marcaida, 2011 WL 2149923, *4 (N.D.Cal. May 31, 2011) ("[T]he

---

[7] While Plaintiff acknowledges that there has been some inconsistency in the names by which Plaintiff has identified itself, the *corporate* name is Innovative Sports Management, Inc., and the company does business as Integrated Sports Media. Jacobs Declaration ¶ 4. Innovative Sports Management, Inc., Plaintiff herein, entered into the Event Distribution Agreement at issue. Id. ¶ 5.

[8] A copy of this Agreement is attached to the Declaration of Matthew A. Pare at pages 16-20.

Court notes that signal piracy is a pervasive and increasing problem and that a primary purpose of § 605 is to deter such conduct. . . .". This sends a signal to potential pirates that they will be prosecuted. Under Defendants' rationale, if Plaintiff does not stop piracy *in advance* it has no recourse. There is nothing in the Event Distribution Agreement to support such a construction.

Next, at best, Defendants have established that there is an ambiguity in the contract with respect to who may pursue claims for piracy. Contrary to Defendants' unequivocal statement that "Al Jazeera Media Network did not relinquish its rights to pursue litigation and control that litigation," Defendants' Motion at 10, there is nothing in the Event Distribution Agreement that says this. Nonetheless, Plaintiff has submitted the Declaration of Doug Jacobs, President of Innovative Sports Management, Inc., which clarifies that Plaintiff and Plaintiff *alone* was authorized and obligated to pursue claims of piracy. Jacobs Declaration ¶ 7.

Defendants also make reference to an "extremely significant" other provision of the Event Distribution Agreement that flatly misreads the provision. See Defendants' Motion at 10, quoting Event Distribution Agreement at 3. The provision in question states:

> Distributor hereby recognizes and agrees that all copyrights, trademarks, trade names and other rights associated with the Event and the Event itself (collectively, the "Property") are and shall remain the sole and exclusive property of SF, and Distributor shall not have any *right to use the Property except as herein agreed*.

Event Distribution Agreement at 3 (emphasis added). While it is true that Al Jazeera Media Network (hereinafter "Al Jazeera") retained copyrights, etc. for uses *other* than those addressed in the Event Distribution Agreement (i.e., the rights conferred on Plaintiff), that is irrelevant to

this cause of action. This cause of action involves rights that were conferred on Plaintiff.[9]

IV.    DEFENDANTS HAVE NO RIGHT TO CHALLENGE THE CONTRACT.

In effect, the arguments Defendants raise are tantamount to those that may be raised by a third-party beneficiary to a contract. Defendants, however, are not in such a position and have no standing to challenge the contract. In re Porter's Estate, 142 N.Y.S. 2d 787, 789 (N.Y. Sur. 1955) ("Before such beneficiaries have a right to enforce the original contract it most clearly appears that the contract was made and intended for their benefit."). There was no intent by the parties to the contract to benefit any third party. While this is clear from the language of the Event Distribution Agreement itself, to the extent there is any ambiguity, this is also confirmed by Mr. Jacobs. Jacobs Declaration ¶ 6.

Next, as a practical matter, even if Defendants were third-party beneficiaries, a third-party beneficiary who seeks to enforce a contract does so subject to the defenses that would be valid as between the parties. See Hanrihan v. Parker, 19 Misc.2d 467, 469 (N.Y.Sup. 1959) ("a suit in contract by an alleged third-party beneficiary is subject to the same defenses as a suit by a contracting party."); Gennett v. Smith, 244 A.D.3, 5 (N.Y.A.D. 3d Dept. 1935) ("the third party cannot acquire a better right against the promisor than the promisee himself had."); cf. TPZ

---

[9] Defendants also note the requirement that written notification be made to Al Jazeera. Defendants' Motion at 10; Event Distribution Agreement at 2. As evidenced by the agreement itself, there is no specific method by which this must be accomplished, nor is there any time frame (other than that notification should be prompt). See Id.  As a practical matter, even if the arguments Defendants present were valid on their face, they are academic as the parties to the contract (i.e., Integrated Sports Management, Inc. and Al Jazeera Media Network) have manifested an intention to waive compliance with the requirement of written notification. Parties to a contract may waive a provision in the contract if evidence demonstrates that was the parties' intent; this may be demonstrated by the parties' course of conduct. See TPZ Corp. v. Dabbs, 25 A.D.3d 787, 791 (N.Y.A.D. 2d Dept. 2006);  see 17A C.J.S. Contracts § 375, t. 425 (1963) ("While one party to a contract cannot alter its terms without the assent of the other parties, the fact of agreement may be implied from a course of conduct in accordance with its existence."). [The Event Distribution Agreement is governed by the laws of New York. Event Distribution Agreement at 5.] Plaintiff has submitted the Declaration of Doug Jacobs, President of Innovative Sports Management, Inc., who testifies that "a custom developed between Innovative Sports Management, Inc. and Al Jazeera whereby it was intended, understood, and  agreed that strict compliance via written notification of piracy would not be necessary." Jacobs Declaration ¶ 8. Al Jazeera has never objected to this course of conduct and, Innovative Sports Management, Inc. has relied upon this course of conduct. Id. ¶ 9.

<u>Dabbs</u>, 25 A.D.3d at 792-93 ("It is elementary ancient law that an assignee never stands in any better position than his assignor").  In that regard, for Defendants' argument to succeed, they would need to establish that Al-Jazeera agrees with them. Setting aside whether this is plausible, there is certainly no evidence to support such a conclusion.

Defendants contend that this Court may consider their argument. <u>Defendants' Motion</u> at 11. In support of this, however, Defendants cite to three cases, two of which, as they note, were cited in <u>J & J Sports Productions, Inc. v. Kurz, Ltd.</u>, 2009 WL 1886124, *10 (E.D.Pa. June 30, 2009). <u>Id.</u> (citations omitted). Two pages later, Defendants state that <u>Kurz</u> is distinguishable and that this is an issue of first impression in this Court. <u>See</u> <u>Id.</u> at 13-14.[10] Defendants cannot have it both ways.

Finally, notwithstanding all of the above, even if the Defendants could enforce the clauses on which they purport to rely, this is not a jurisdictional defect, and therefore, it can be cured. <u>Cf.</u> <u>Rutter v. Carroll's Foods of the Midwest, Inc.</u>, 50 F. Supp. 2d 876, 882-883 (N.D. Iowa 1999) (superseded by statute) (Finding a "mediation release is a 'condition precedent' to suit, not a jurisdictional prerequisite. As such, the defect of failing to obtain such a release does not affect the claimant's standing or the subject matter jurisdiction of the court, but is instead curable after suit has been filed.").

V.   PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND ITS COMPLAINT.

If this Court is inclined to grant Defendants' Motion, this Court should grant Plaintiff leave to amend its Complaint to cure any deficiencies therein. Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be freely given "when justice so requires."

---

[10] Defendants' argument that <u>Kurz</u> (as well as another Eastern District of Pennsylvania case, <u>J & J Sports Productions, Inc. v. Baylor</u>, Case No. 5:13-cv-02483-JS (E.D.Pa. July 25, 2013, Dkt. No. 16)), are distinguishable is ultimately dependent on Defendants' misunderstanding of what a "pleading" is. <u>See</u> <u>Defendants' Motion</u> at 13. Finally, Plaintiff notes that in both cases a similar motion was denied. <u>See</u> <u>Kurz</u>, 2009 WL 1886124 at *10-11; <u>Baylor</u> at *2.

Fed.R.Civ.P. 15(a); <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). The Court may grant leave to amend if it grants a Motion for Judgment on the Pleadings. <u>Alatorre v. Wastequip Mfg. Co.</u> <u>LLC</u>, 2013 WL 796717, *2 (E.D.Cal. March 4, 2013) ("Although Rule 12(c) does not mention leave to amend, courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend[.]")

Defendants contend that this case presents an issue of "first impression." <u>Defendants'</u> <u>Motion</u> at 14. Given the novelty of the issue, Plaintiff should be afforded the opportunity to conform its pleadings to any additional requirements. Finally, there have been no prior amendments herein.

<u>**CONCLUSION**</u>

Defendants' Motion is procedurally deficient as it relies on matters outside the pleadings. Moreover, Defendants' substantive arguments fail as Defendants rely upon inapposite case law and have no right to challenge the contract between Plaintiff and Al Jazeera. Finally, even if Defendants' arguments were otherwise valid, there has been no breach of the parties' contract.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that Defendants' Motion for Judgment on the Pleadings be denied or, in the alternative, if this Court grants Defendants' Motion that Plaintiff be granted leave to amend, and that Plaintiff be awarded such other relief as may be just and proper.

Respectfully submitted,

/s/ *Thomas P. Riley*

Dated:  September 10, 2013          **LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.

## **PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On September 10, 2013, I caused to serve the following documents entitled:

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Matthew A. Pare, Esq.
LAW OFFICE OF MATTHEW PARE
303 H Street, Suite 435
Chula Vista, CA 91910

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on September 10, 2013, at South Pasadena, California.


Dated:  September 10, 2013                    /s/ *Vanessa Morales*
                                              VANESSA MORALES