# United States District Court
# Central District of California
# Southern Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., | CV 12-01748 TJH (PLAx) |
| Plaintiff, | |
| v. | Order |
| RENZO MACCHIAVELLO, | |
| Defendant. | |

The Court has considered defendant's motion for judgment on the pleadings, together with the moving and opposing papers.

Lack of statutory standing is appropriately considered through a motion for failure to state a claim, which allows for consideration of the pleadings only; however, lack of Constitutional standing should be considered through a motion to dismiss for lack of subject matter jurisdiction, which allows for consideration of materials outside of the pleadings. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067-68 (9th Cir. 2011). When considering a motion to dismiss for lack of subject matter jurisdiction, the court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

1   jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

2   The Court deems this to be a motion to dismiss for lack of Constitutional

3   standing.

4   In the complaint, plaintiff alleged that defendant exhibited a *World Cup Qualifier:*

5   *Peru v. Chile* program ("Program") on October 11, 2011.   Plaintiff claimed the

6   exclusive right to distribute the Program.  However, affidavits and the contract indicate

7   otherwise.  The contract is between Integrated Sports Management, Inc. and Al Jazeera

8   Media Network, "ALJ."  Although plaintiff does business as Integrated Sports Media,

9   Integrated Sports Media is not the same as Integrated Sports Management, Inc.

10  Regardless of the licensee's name, the rights granted were limited and specifically non-

11  exclusive.

12  A licensee must be the exclusive licensee to have standing to sue.  *Righthaven*

13  *LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013).  Further, plaintiff must be the

14  exclusive licensee in substance and not in name only.  *Righthaven*, 716 F.3d at 1169.

15  In this case, plaintiff is not the exclusive licensee in either substance or in name.

16  Integrated Sports Management, Inc. was granted the "non-exclusive right[s]" to

17  market the Program.  ALJ reserved all rights not expressly granted to Integrated Sports

18  Management, Inc.  ALJ retained considerable control over the Program, and Integrated

19  Sports Management, Inc. had limited rights.  For example, ALJ had final approval to

20  set prices and must be informed of misappropriation or unauthorized use.  Accordingly,

21  ALJ had standing to sue for piracy and standing to sue under § 605 and § 553.

22  To establish standing, plaintiff must show the irreducible Constitutional

23  minimum:  First, plaintiff must demonstrate an injury in fact – a harm that is concrete

24  and actual or imminent, not conjectural or hypothetical; Second, plaintiff must establish

25  causation – a fairly traceable connection between the alleged injury in fact and the

26  alleged conduct of the defendant; and Third, plaintiff must demonstrate redressability -

27  a substantial likelihood that the requested relief will remedy the alleged injury in fact.

28  *Vermont Agency of Natural Res. v. United States*, 529 U.S. 765, 771, 120 S. Ct. 1858,

1    1861, 146 L. Ed. 2d 836, 844 (2000).  To show injury in fact, plaintiff must assert its

2    own legal rights, and cannot sue on behalf of the rights of third parties.  *Warth v.*

3    *Seldin*, 422 U.S. 490, 501-2, 95 S. Ct. 2197, 2206-7, 45 L. Ed. 2d 343, 356 (1975).

4    ALJ had the proprietary rights in the Program, not plaintiff.

5           There are two ways in which standing is conferred from a third party to the

6    plaintiff: When the plaintiff is the agent or representative of the third party

7    ("associational standing"), *Warth*, 422 U.S. at 501-2;  or When the plaintiff acquired

8    the third party's interest by assignment ("standing by assignment").  *Vermont Agency*,

9    529 U.S. at 773, 120 S. Ct. at 1863, 146 L. Ed. at 846.  In this case, the record

10   indicate that plaintiff did not acquire an interest by either method.

11          Since plaintiff's standing does not appear from the record, which is construed in

12   favor of plaintiff, the complaint must be dismissed.  *Warth v. Seldin*, 422 U.S. 490,

13   501-2, 95 S. Ct. 2197, 2206-7, 45 L. Ed. 2d 343, 356 (1975).

14          Jurisdiction is based on facts that exist at the time of filing.  *Righthaven*, 716

15   F.3d at 1171.  Plaintiff may have standing if there is a new contract between ALJ and

16   plaintiff giving plaintiff exclusive rights and rights to sue for violation of § 553 and §

17   605.  Such contract did not exists at the time the complaint was filed.  Accordingly, this

18   Court lacks subject matter jurisdiction and the lawsuit should be dismissed for lack of

19   standing.  Further, the one year statute of limitations has run.

20

21          It is Ordered that this action be, and hereby is, Dismissed, with prejudice.

22          It is further Ordered that plaintiff's request to file a surreply be and hereby is,

23   Denied.

24

25   Date:  December 11, 2013

26

27                                                    Terry J. Hatter, Jr.

28                                             Senior United States District Judge