# Exhibit B

1  Thomas P. Riley, SBN 194706
   LAW OFFICES OF THOMAS P. RILEY, P.C.
2  First Library Square
   1114 Fremont Avenue
3  South Pasadena, CA 91030-3227

4  Tel: 626-799-9797
   Fax: 626-799-9795
5  TPRLAW@att.net

6  Attorneys for Plaintiff
   Innovative Sports Management, Inc.
7

8              UNITED STATES DISTRICT COURT
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
9                  SOUTHERN DIVISION

10

11  INNOVATIVE SPORTS                 Case No.: 8:12-cv-01748-DOC-RNB
    MANAGEMENT, INC.,
12                                     PLAINTIFF'S RESPONSES TO
              Plaintiff,               DEFENDANT'S REQUEST FOR
13                                     ADMISSIONS
14            v.

15  RENZO MACCHIAVELLO, individually
    and d/b/a RENZO'S TASTE OF PERU;
16  AND    MACCHIAVELLO,    LLC,    an
    unknown business entity d/b/a RENZO'S
17  TASTE OF PERU,
18
              Defendant.
19

20

21

    PROPOUNDING PARTY:  Defendant RENZO MACCHIAVELLO
22

23
    RESPONDING PARTY:   Plaintiff INNOVATIVE SPORTS MANAGEMENT, INC.
24
    SET NUMBER:         ONE
25

26  ///

27  ///

28  ///

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUEST FOR ADMISSIONS
Case No.: 8:12-cv-01748-DOC-RNB
                              Page 1

# REQUEST FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 1:

Admit that defendant Renzo Macchiavello did not give their consent, or permission, or in any way authorize the exhibition of the subject soccer program on Tuesday, October 11, 2011, at Renzo's Taste of Peru.

## RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION NO. 1:

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced and the subject matter to which propounding party requests an admission for is within the scope of knowledge of the propounding party himself.

## REQUEST FOR ADMISSION NO. 2:

Admit that you have no evidence that defendants specifically stole a satellite television signal (as opposed to a cable television signal) in this case.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 2:

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

## REQUEST FOR ADMISSION NO. 3:

Admit that you have no evidence that defendants specifically stole a cable television signal (as opposed to a satellite television signal) in this case.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 3:

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 4:**

Admit that defendants did not advertise that the subject soccer program was going to be displayed on Tuesday, October 11, 2011, at Renzo's Taste of Peru.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION NO. 4:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 5:**

Admit that there were no advertisements whatsoever that mentioned that the subject soccer program was going to be displayed on Tuesday, October 11, 2011, at Renzo's Taste of Peru.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 5:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you have no evidence that defendants had any increase in revenue or generated any money specifically as a result of the alleged exhibition of the subject soccer program at Renzo's Taste of Peru.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 6:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced and the subject matter to which propounding party requests an admission for is within the scope of knowledge of the propounding party himself.

///

///

**REQUEST FOR ADMISSION NO. 7:**

Admit that defendants did not charge a premium (higher than normal price) on food and/or beverages on Tuesday, October 11, 2011, at Renzo's Taste of Peru during the alleged exhibition of the subject soccer program.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 7:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced and the subject matter to which propounding party requests an admission for is within the scope of knowledge of the propounding party himself.

**REQUEST FOR ADMISSION NO. 8:**

Admit that there was no cover charge for admittance into Renzo's Taste of Peru on Tuesday, October 11, 2011, when the alleged exhibition that forms the basis of this lawsuit took place.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 8:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you have no evidence that defendants previously committed any television signal piracy prior to the alleged incident that forms the basis on this lawsuit

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 9:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

///

///

**REQUEST FOR ADMISSION NO. 10:**

Admit that defendants did not commit a willful violation of 47 U.S.C. §605 in this case.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 10:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 11:**

Admit that defendants did not commit a willful violation of 47 U.S.C. §553 in this case.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 11:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 12:**

Admit that there are no facts in this case to support your claim for punitive damages against defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 12:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the majority of customers present at Renzo's Taste of Peru on Tuesday, October 11, 2011 were not there primarily to watch the subject soccer program on television, but were there for another purpose.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 13:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 14:**

Admit that defendant Renzo Macchiavello did not have direct control over the television(s) at Renzo's Taste of Peru at the time of the alleged exhibition that forms the basis of this lawsuit.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 14:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced and the subject matter to which propounding party requests an admission for is within the scope of knowledge of the propounding party himself.

**REQUEST FOR ADMISSION NO. 15:**

Admit that defendant Renzo Macchiavello did not personally authorize any television signal piracy violation that forms the basis of this lawsuit.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 15:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced and the subject matter to which propounding party requests an admission for is within the scope of knowledge of the propounding party himself.

**REQUEST FOR ADMISSION NO. 16:**

Admit that defendant Renzo Macchiavello did not derive any benefit from the alleged signal piracy, specifically any obvious and direct financial gain from the alleged violation.

///

///

///

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUEST FOR ADMISSIONS
Case No.: 8:12-cv-01748-DOC-RNB

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 16:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced and the subject matter to which propounding party requests an admission for is within the scope of knowledge of the propounding party himself.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Innovative Sports Management, Inc. did not suffer any actual damages as a result of defendants' conduct that forms the basis of this lawsuit.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 17:**

Deny.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you have no evidence to indicate what type of television signal was allegedly intercepted in this case (namely satellite or cable), but merely that the subject soccer program was displayed at the Renzo's Taste of Peru establishment on Tuesday, October 11, 2011.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 18:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the subject soccer program that forms the basis of this lawsuit was available for purchase on the internet on Tuesday, October 11, 2011.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 19:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is

completed, Plaintiff admits this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 20:**

Admit that you have no evidence that indicated that defendant Renzo Macchiavello had any personal involvement in the alleged signal piracy that forms the basis of this lawsuit, other than the fact that his name appears on the liquor license.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 20:**

Objection.   Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you have no evidence to support your claim for enhanced statutory damages in this case against defendant Renzo Macchiavello.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 21:**

Objection.   Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 22:**

Admit that defendant Renzo Macchiavello specifically did not intercept or aid in the interception of the subject television program.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 22:**

Objection.   Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced and the subject matter to which propounding party requests an admission for is within the scope of knowledge of the propounding party himself.

**REQUEST FOR ADMISSION NO. 23:**

Admit that defendant Renzo Macchiavello did not divulge or publish, or aid the divulging or publishing of, the subject television program.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 23:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced and the subject matter to which propounding party requests an admission for is within the scope of knowledge of the propounding party himself.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you were aware of the alleged violation that forms the basis of this lawsuit on the date of the incident, October 11, 2011.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 24:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

**REQUEST FOR ADMISSION NO. 25:**

Admit the Closed Circuit Television License Agreement of Al Jazeera Media Network with Innovative Sports Management, Inc. does not state Innovative Sports Management, Inc. is given "the exclusive right to commence or settle any claim or litigation arising out of the alleged piracy, use or proposed use for the closed circuit television telecast."

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 25:**

Objection. Plaintiff is incapable of admitting or denying the instant Request because discovery in this matter has only recently commenced. As such, and until this investigation is completed, Plaintiff denies this particular Request for Admission.

///

**REQUEST FOR ADMISSION NO. 26:**

Admit Innovative Sports Management, Inc. did not give written notification to Al Jazeera Media Network before commencing this litigation.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 26:**

Objection. The Request, as stated, is vague and ambiguous as to the term "written notification" and Plaintiff further objects on the basis discovery in this matter has only recently commenced and Plaintiff's investigation is not yet completed.

**REQUEST FOR ADMISSION NO. 27:**

Admit Innovative Sports Management, Inc. did not consult with Al Jazeera Media Network before commencing this litigation.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 27:**

Objection. The Request, as stated, is vague and ambiguous as to the term "consult with" and Plaintiff further objects on the basis discovery in this matter has only recently commenced and Plaintiff's investigation is not yet completed.

**REQUEST FOR ADMISSION NO. 28:**

Admit Innovative Sports Management, Inc. did not mutually agree with Al Jazeera Media Network to commence this litigation.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 28:**

Objection. The Request, as stated, is vague and ambiguous as to the term "mutually agree" and Plaintiff further objects on the basis discovery in this matter has only recently commenced and Plaintiff's investigation is not yet completed.

**REQUEST FOR ADMISSION NO. 29:**

Admit Innovative Sports Management, Inc. did not give written notification to Al Jazeera

1  Media Network pertaining to commencing this litigation.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 29:**

Objection.   The Request, as stated, is vague and ambiguous as to the term "written notification" and Plaintiff further objects on the basis discovery in this matter has only recently commenced and Plaintiff's investigation is not yet completed.

**REQUEST FOR ADMISSION NO. 30:**

Admit Innovative Sports Management, Inc. did not consult with Al Jazeera Media Network pertaining to commencing this litigation.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 30:**

Objection.  The Request, as stated, is vague and ambiguous as to the term "consult with" and Plaintiff further objects on the basis discovery in this matter has only recently commenced and Plaintiff's investigation is not yet completed.

**REQUEST FOR ADMISSION NO. 31:**

Admit Innovative Sports Management, Inc. did not mutually agree with Al Jazeera Media Network to commence this litigation.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION 31:**

Objection.  The Request, as stated, is vague and ambiguous as to the term "mutually agree" and Plaintiff further objects on the basis discovery in this matter has only recently commenced and Plaintiff's investigation is not yet completed.

Dated: 10/21/13

LAW OFFICES OF THOMAS P. RILEY, P.C.
By: Thomas P. Riley, Esquire
Attorneys for Plaintiff
Innovative Sports Management, Inc.

**VERIFICATION**

**STATE OF NEW JERSEY**            )
                                                   )    **ss.**

**COUNTY OF HUDSON**            )

        I, **DOUG JACOBS**, declare as follows:

        I am the President of the Plaintiff in the subject action and make this Verification on its behalf. I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS**, and know the contents thereof. The matters stated in the foregoing are true of my own knowledge except as to those matters, which are stated on information and belief, and as to those matters, I believe them to be true.

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 7 , 2013, in Hoboken, New Jersey.

 

 

_____
**DOUG JACOBS**

///
///
///
///
///
///
///
///

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUEST FOR ADMISSIONS
Case No.: 8:12-cv-01748-DOC-RNB